**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Natashia Villanueva,                          )    No.  CV-25-08146-PCT-SPL
                                              )
                    Plaintiff,                )
                                              )    **ORDER**
vs.                                           )
                                              )
Cord Bowers, et al.,                          )
                                              )
                    Defendants.               )
                                              )
                                              )

     Before the Court is pro se Plaintiff Natashia Villanueva's Motion for Temporary Restraining Order (Doc. 3), Motion for Preliminary Injunction (Doc. 4), Emergency Motion for Immediate Custody Order (Doc. 5), Emergency Motion to Expedite Review and Relief (Doc. 6), and Motion to Reinstate Custody, Terminate Medical Power of Attorney and Remove All Limitations on Parental Access (Doc. 7). Multiple other motions filed by Plaintiff relating to her child custody dispute or administrative matters for this case are also pending. (*See* Docs. 8, 9, 10, 11, 12, 13, 15, 17). For the following reasons, Plaintiff's Motions will be denied, and her Complaint will be dismissed with leave to amend.

## I.    BACKGROUND

     This case arises out of a custody dispute over Plaintiff's three minor children. (Doc. 1 at 2). Plaintiff alleges that she "has been denied her fundamental parenting rights" and that "the Arizona courts found against her without fairly considering" allegations of "abuse and alienation" on behalf of the children's father, Defendant Cord Bowers, and his partner,

Defendant Sarah Bowers. (*Id.* at 2–3).

On July 9, 2025, Plaintiff filed her Complaint. (Doc. 1). Plaintiff, an Ohio resident, brings suit against her children's father, Defendant Cord Bowers, who is a resident of Kingman, Arizona, and his partner, Sarah Bowers. (*Id.* at 3). Plaintiff also brings suit against a Mohave County, Arizona Department of Child Safety ("DCS") worker, Brandy Eubanks; attorney Eric Engan; Judge Rick Lambert, who presided over the family law case; and Does 1-10, who are Kingman-area law enforcement officials and DCS workers who allegedly received reports of child abuse from two of Plaintiff's children in 2024 and 2025 and failed to act. (*Id.*).

On July 9, 2025, Plaintiff filed 13 separate motions, including the present Motion for Temporary Restraining Order (Doc. 3), Motion for Preliminary Injunction (Doc. 4), Emergency Motion for Immediate Custody Order (Doc. 5), Emergency Motion to Expedite Review and Relief (Doc. 6), and Motion to Reinstate Custody, Terminate Medical Power of Attorney and Remove All Limitations on Parental Access (Doc. 7). These Motions request the Court issue emergency injunctive relief pursuant to Federal Rule of Civil Procedure ("Rule") 65 awarding her custody and terminating parental rights of Defendant Cord Bowers and his partner, Defendant Sarah Bowers. Many of Plaintiff's other pending motions appear to request this Court to review the state court's rulings, including Plaintiff's Motion to Quash Child Support and Reject Defendant's Fraudulent Financial Claims (Doc. 8), Motion for Judicial Disqualification and Removal of Judge Rick Lambert (Doc. 9), and Motion to Reconsider All Prior Court Orders in Light of Newly Disclosed Evidence and Systemic Misconduct (Doc. 11).

## II.    LEGAL STANDARD

### a. Injunctive Relief

A party seeking injunctive relief under Rule 65 of the Federal Rules of Civil Procedure must show that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in its

favor; and (4) an injunction is in the public interest.[1] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1124 (9th Cir. 2014); *Pimentel v. Dreyfus*, 670 F.3d 1096, 1105–06  (9th Cir. 2012); *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Where a movant seeks a mandatory—rather than a prohibitory—injunction, the request for injunctive relief is "subject to a heightened scrutiny and should not be issued unless the facts and law clearly favor the moving party." *Dahl v. HEM Pharms. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).[2]

Unlike a preliminary injunction, *see* Fed. R. Civ. P. 65(a), a TRO may be entered "without written or oral notice to the adverse party," Fed. R. Civ. P. 65(b). A TRO may issue *ex parte* only where: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). Further, the Court may issue a TRO only if the movant "gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The Court may waive the bond "when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Barahona-Gomez v. Renno*, 167 F.3d 1228, 1237 (9th Cir. 1999).

---

[1] The Ninth Circuit observes a "sliding scale" approach, in that these elements "are balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Thus, by example, an injunction can issue where there are "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff . . . so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135.

[2] "A mandatory injunction orders a responsible party to take action," while "a prohibitory injunction prohibits a party from taking action and preserves the status quo pending a determination of the action on the merits." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (internal quotation marks omitted). "The 'status quo' refers to the legally relevant relationship between the parties before the controversy arose." *Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1060–61 (9th Cir. 2014).

### b. Pleading Requirements: Fed. R. Civ. P. 8

"The law mandates that even *pro se* complaints must, at minimum, comply with pleading requirements delineated by Rule 8." *Beck v. Catanzarite Law Corp*., 22-CV-1616-BAS-DDL, 2023 WL 1999485, at *3 (S.D. Cal. Feb. 14, 2023). To comply with Rule 8, a pleading must contain "a short and plain statement showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), and each allegation therein "must be simple, concise, and direct," *see* Fed. R. Civ. P. 8(d)(1). "District courts possess inherent authority to dismiss *sua sponte* a pleading that fails to comply with Rule 8." *Beck*, 2023 WL 1999485, at *4; *see also Hearns v. San Bernardino Police Dept*., 530 F.3d 1124, 1129–31 (9th Cir. 2008) (holding that a pleading may be dismissed *sua sponte* for failure to satisfy Rule 8); *Robert v. First Haw. Bank*, 172 F.3d 58 (9th Cir. 1999) (Mem.) (upholding district court's *sua sponte* Rule 8 dismissal); *Wolfe v. Yellow Cab Co-op., Inc*., 880 F.2d 417 (9th Cir. 1989) (same).

Rule 8 also provides that a complaint must assert the grounds for a federal court's jurisdiction over the asserted claims. Fed. R. Civ. P. 8(a)(1). The burden of establishing the Court's jurisdiction over a particular claim is on the party asserting jurisdiction. *E.g.*, *McNutt v. General Motors Acceptance Corp*., 298 U.S. 178, 182–83 (1936). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stevedoring Servs. of Am., Inc. v. Eggert*, 953 F.2d 552, 554 (9th Cir. 1992) (quoting *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989)). "[C]ourts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." *W. States Trucking Ass'n v. Schoorl*, 377 F. Supp. 3d 1056, 1064 (E.D. Cal. 2019) (citing *Ruhrgas AG v. Marathon Oil Co*., 526 U.S. 574, 583 (1999)); *see* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking).

When a plaintiff appears pro se, as is the case here, the court "must construe liberally [the plaintiff's] inartful pleading." *Ortez v. Wash. Cnty*., 88 F.3d 804, 807 (9th Cir. 1996). A court should not dismiss a complaint, thus depriving the plaintiff of an opportunity to

establish his or her claims at trial, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

### III.  DISCUSSION

#### a.  Emergency Injunctive Relief: The *Winter* Factors

##### i.  Likelihood of Success on the Merits

Plaintiff's claims are unlikely to succeed on the merits, as the Court is clearly without jurisdiction to provide the requested injunctive relief of determining the custody of the minor children. "This is because 'the domestic relations exception . . . divests the federal courts of power to issue . . . child custody decrees.'" *Broker v. Josselyn*, CV-04-142-TUC-JM, 2004 WL 7334190, at *2 (D. Ariz. June 28, 2004) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)). As the Ninth Circuit has made clear:

> The strong state interest in domestic relations matters, the superior competence of state courts in settling family disputes because regulation and supervision of domestic relations is entrusted to the states, and the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state makes federal abstention in these cases appropriate . . . . There is no subject matter jurisdiction over . . . domestic disputes [involving the custody of minors].

*Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983). "This prohibition requires the Court to dismiss any claims the resolution of which would require the evaluation of the propriety of State court custody decrees." *Broker*, 2004 WL 7334190, at *2.

Additionally, under the Rooker-Feldman Doctrine, this Court lacks subject matter jurisdiction over any final state court proceedings. "The Rooker-Feldman doctrine prohibits a federal district court from exercising subject matter jurisdiction over a claim when the claim is a de facto appeal from a state court judgment." *Walker v. Walker*, CV 21-0904 PHX CDB, 2021 WL 2652568, at *5 (D. Ariz. June 3, 2021), *report and recommendation adopted*, CV-21-00904-PHX-CDB, 2021 WL 2646637 (D. Ariz. June 28, 2021). "A federal action constitutes a de facto appeal where the claim(s) raised in the federal court are 'inextricably intertwined' with a state court judgment." *Id.* (citing *Cooper*

*v. Ramos*, 704 F.3d 772, 778–79 (9th Cir. 2012)). "A claim is 'inextricably intertwined' with a state court judgment 'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it,' i.e. '[w]here federal relief can only be predicated upon a conviction that the state court was wrong.'" *Id.*

Here, Plaintiff's Motion for Temporary Restraining Order and other related motions request injunctive relief against Defendants Cord Bowers and Sarah Bowers "to immediately suspend all custodial rights and contact with the minor children" (Doc. 3 at 1), to "grant temporary sole custody to Plaintiff" (Doc. 4 at 2), and to "[g]rant temporary injunctive relief restraining enforcement of state custody orders that are harmful or unconstitutional" (Doc. 5 at 3). (*See also* Doc. 6 at 3; Doc. 7 at 3). This Court does not have the authority to award Plaintiff custody of the minor children nor divest Defendants Cord and Sarah Bowers of their parental rights. Accordingly, Plaintiff has shown no likelihood of success on the merits as to her requests for injunctive relief, and thus, the Court need not consider the remaining *Winter* factors. *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015).

### b. Motions to Review State Court Custody Order

As noted above, this Court lacks jurisdiction to issue a child custody order. *See Babbitt*, 708 F.2d at 466. Additionally, this Court lacks subject matter jurisdiction over Plaintiff's non-emergency motions that request the Court to review the propriety of the family court judgment. *See Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (providing that claims are inextricably intertwined with the state court's decision if the federal court's adjudication of the claims would "undercut" the state court's decision).

The relief sought by Plaintiff in her other pending substantive motions is, in effect, to void any decision of the Arizona state courts relating to the child support owed by Plaintiff (*see* Doc. 8 (requesting the Court quash or stay the current child support order, recalculate Plaintiff's income, and order a review of the state court's findings)) or custody dispute (*see* Doc. 9 (requesting the Court remove Judge Rick Lambert from all future proceedings relating to Plaintiff, assign a neutral judge to oversee proceedings, and refer

the matter for judicial review); Doc. 11 (requesting the Court reconsider and vacate all prior custody orders)). Granting the relief Plaintiff seeks necessarily involves overturning the state court's custody decision, which is forbidden under the Rooker-Feldman doctrine. As such, Plaintiff's Motion to Quash Child Support and Reject Defendant's Fraudulent Financial Claims (Doc. 8), Motion for Judicial Disqualification and Removal of Judge Rick Lambert (Doc. 9), and Motion to Reconsider All Prior Court Orders in Light of Newly Disclosed Evidence and Systemic Misconduct (Doc. 11) must be denied.

### c. Pleading Requirements

Although Plaintiff's various requests for relief are clear that the issues central to this lawsuit are the reinstatement of her parental rights, the revocation of Defendant Cord Bower's parental rights, and the revocation state court custody order, Plaintiff also alleges that her federal civil rights pursuant to 42 U.S.C. § 1983 were violated. (Doc. 1 at 3). Plaintiff further raises as causes of action a violation of her First Amendment rights and a Conspiracy to Interfere with Civil Rights pursuant to 42 U.S.C. § 1985. (*Id.*).

While this Court may have subject matter jurisdiction based on a violation of these federal rights, Plaintiff's Complaint does not provide information regarding which of the individual defendants are alleged to have violated which of her rights, or any other details from which the Court can discern the nature of her claims against each of the named defendants. Indeed, the allegations in Plaintiff's Complaint are so vague and conclusory that the Court is unable to determine whether it has subject matter jurisdiction over Plaintiff's claims or whether the action is frivolous. The Complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). A complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which Defendants engaged in that support her claims. *Id*. Because Plaintiff has failed to comply with the requirements of Rule 8(a)(2), her Complaint must be dismissed. The Court will, however, grant leave to file an amended complaint. If Plaintiff chooses to amend the Complaint, she must set forth the grounds upon which the

Court's jurisdiction depends. Fed. R. Civ. P. 8(a). Further, Plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of her federal rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980) (abrogated on other grounds).

## IV.    CONCLUSION

In sum, this Court does not have the authority to grant the emergency injunctive relief Plaintiff requests relating to the custody of her children, and Plaintiff's motions requesting such relief (Docs. 3, 4, 5, 6, 7) must be denied. Nor does this Court have the authority to consider a de facto appeal of a state court judgment, and thus, Plaintiff's motions requesting the Court overturn or interfere with the family court's judgment (Docs. 8, 9, 11) must be denied. Lastly, as Plaintiff's Complaint failed to comply with the pleading requirements of Rule 8, this Court will dismiss the Complaint with leave to amend. If Plaintiff chooses to file an amended complaint, Plaintiff's claims shall comply with the standard set forth by Rule 8 and the Local Rules of Civil Procedure. Plaintiff's remaining pending motions (Docs. 10, 12, 13, 15) shall be denied as moot and without prejudice. Accordingly,

**IT IS ORDERED** that Plaintiff Natashia Villanueva's Motion for Temporary Restraining Order (Doc. 3), Motion for Preliminary Injunction (Doc. 4), Emergency Motion for Immediate Custody Order (Doc. 5), Emergency Motion to Expedite Review and Relief (Doc. 6), Motion to Reinstate Custody, Terminate Medical Power of Attorney and Remove All Limitations on Parental Access (Doc. 7), Motion to Quash Child Support and Reject Defendant's Fraudulent Financial Claims (Doc. 8), Motion for Judicial Disqualification and Removal of Judge Rick Lambert (Doc. 9), and Motion to Reconsider All Prior Court Orders in Light of Newly Disclosed Evidence and Systemic Misconduct (Doc. 11) are **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint shall be dismissed **without prejudice** for failure to comply with the pleading standard set forth in Federal Rule of Civil Procedure 8. Plaintiff shall be given **leave to amend** to remedy the defects identified by this Court's order and may file an amended complaint no later than **August**

1     **7, 2025**.

2         **IT IS FURTHER ORDERED** that Plaintiff's pending Motion to Appear Virtually

3 for Hearings (Doc. 12), Motion to Allow Electronic Filing (Doc. 13), and Motion to

4 Demand Final Relief (Doc. 15) are **denied as moot** and **without prejudice**.

5         Dated this 10th day of July, 2025.

7

8                             Honorable Steven P. Logan
                              United States District Judge